Henry Anekwu, pro se
Reg No. 57461-112
Adams County Correctional Complex
P.O. Box 1600
Washington, MS. 39190:




UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

Extension granted to Sep 30, 2014

| HENRY ANEKWU, Petitioner, vs. UNITED STATES OF AMERICA, Respondent. | Case No.: **2:14cv3685** Related to: **2:03-cr-03-01151-JFW** **MOTION SEEKING A SECOND EXTENSION TO FILE HIS MOTION SET ASIDE, VACATE OR CORRECT HIS SENTENCE UNDER 28 U.S.C. § 2255.** |
|---|---|

On May 22, 2014, finding good cause, this Court granted Petitioner, Henry Anekwu's ("Petitioner's") Motion seeking an extension to file his § 2255 Motion, and Ordered him to file his brief on or before July 1, 2014. (ECf. Doc. 4) That Order was received on May 28, 2014. For the reasons shown, unanticipated by Petitioner when he filed the first Motion for Extension, Petitioner seeks a second extension until September 30, 2014.

As stated in the previous motion for extension, access to Adams County Correctional Center's law library is strictly on an invitation only basis. Therefore, immediately upon receipt of the Court's Order granting the extension – proving that an active matter related to his criminal case is pending – Petitioner requested access to the law library.

Petitioner was granted access on June 6, 2014, for 4 hours. On that day, he sent a letter to the Court requesting a copy of the docket sheet and a letter to defense counsel requesting his case files and documents.

Subsequently, Petitioner has been provided access on three other occasions totaling thirteen hours to prepare and file the brief. Notwithstanding, the lack of and/or sparse information and documents, Petitioner has been unable to adequately research, prepare, type, edit, complete, print and mail any appropriate brief by July 1, 2014. Petitioner, however, was able to shortlist the issues that require briefing. Issues Petitioner anticipates to brief, based on the information in his possession and/or his recollection, includes, but are not limited to:

1. Whether counsel was prejudicially deficient not explain to Petitioner the advantages and disadvantages of pleading guilty vis a vis going to trial in light of the evidence against him and impediments created to prepare for trial, warranting an Order vacating, setting aside and/or correcting the conviction or sentence in this case?

2. Whether counsel was prejudicially deficient not to litigate in an effective manner matters related to constructively amending the indictment, warranting an Order vacating, setting aside and/or correcting the conviction or sentence in this case?

3. Whether counsel was prejudicially deficient not to litigate in an effective manner matters related to the admission of evidence of foreign documents, by means of written affidavit, in violation of the Confrontation Clause, warranting an Order vacating, setting aside and/or correcting the conviction or sentence in this case?

4. Whether counsel was prejudicially deficient not to litigate in an effective manner matters related to impediments in investigating witnesses in order to prepare for trial, warranting an Order vacating, setting aside and/or correcting the conviction or sentence in this case?

5. Whether counsel was prejudicially deficient not to litigate in an effective manner matters related to the admission in evidence of a chart summarizing bank records, where the underlying records also were admitted, violated Federal Rules of Evidence 1006 and 403, warranting an Order vacating, setting aside and/or correcting the conviction or sentence in this case?

6. Whether counsel was prejudicially deficient not to litigate in an effective manner matters related to testimony about the lengths to which the Government went to prosecute this case and the prosecutor's comments thereon, warranting an Order vacating, setting aside and/or correcting the conviction or sentence in this case?

7. Whether counsel was prejudicially deficient not to litigate in an effective manner matters related to the district court's refusal to voir dire the jury venire on potential racial and ethnic biases, warranting an Order vacating, setting aside and/or correcting the conviction or sentence in this case?

8. Whether counsel was prejudicially deficient not to litigate in an effective manner matters related to the district court's refusal to instruct the jury on the suspect credibility of a testifying informant, warranting an Order vacating, setting aside and/or correcting the conviction or sentence in this case?

9. Whether counsel was prejudicially deficient not to litigate in an effective manner matters related to the district court's failure to adequately respond to a question posed by the jury during deliberations, warranting an Order vacating, setting aside and/or correcting the conviction or sentence in this case?

10. Whether counsel was deficient not to litigate in an effective manner matters related to these and other trial errors cumulatively warranting a finding of prejudice even if none warranting a finding of prejudice independently, warranting an Order vacating, setting aside and/or correcting the conviction or sentence in this case?

11. Whether counsel was prejudicially deficient not to litigate in an effective manner matters related to the district court's unreasonable sentence when it (1) stated that the defendant's inability to pay restitution was an aggravating factor, and (2) stated that two different advisory guideline ranges both were sufficient to serve the purpose of sentencing, and then imposed a sentence above the lower range, warranting an Order vacating, setting aside and/or correcting the conviction or sentence in this case?

On June 19, 2014, Petitioner received a response from the Clerk's office. The Deputy Clerk stated that in order to receive a copy of the docket sheet Petitioner would have to pay $7.50 to photocopy 15 pages (*see* attached). Promptly, Petitioner applied for a check to be issued. That check was issued by the prison on June 23, 2014 and mailed to the Court on June 25, 2014. (*see* attached).

It is understood that, in § 2255 litigation, the United States Attorney's Office, in this district, normally request defense counsel to respond to interrogatories. Thus, review of counsel's notes, work-product, and other documents in counsel's possession, before the § 2255 Motion is filed, is critical to not only brief the issues, but, more importantly, to assess the non-frivolity of those issues. As of this filing, Petitioner has not received any information from defense counsel as to the status of his request. (*see* attached).

The Supreme Court, for example, has declared that "the right to procedural due process is 'absolute' in the sense that it does not depend upon the merits of a claimant's substantive assertions." *Carey v. Piphus,* 435 U.S. 247, 266 (1978) accord, *Hazle v. Crofoot*, 727 F.3d 983, 999, fn.6 (9th Cir. 2013). Petitioner, assuming he receives the documents in a timely manner, respectfully requests the Court to grant the second extension in order for Petitioner to file a meaningful § 2255 Motion and Memorandum of law.

WHEREFORE, in the interests of justice, Petitioner respectfully requests a further extension of time to file his Motion seeking an Order vacating, setting aside and/or correcting the conviction or sentence in this case pursuant to 28 U.S.C. § 2255 on or before September 30, 2014.

Dated: June 25, 2014

Respectfully submitted

By: ______________________

Henry Anekwu, Petitioner, pro se

**CERTIFICATE OF SERVICE**

I, Henry Anekwu, hereby certify that I served:

**MOTION SEEKING A SECOND EXTENSION TO FILE HIS MOTION SET ASIDE, VACATE OR CORRECT HIS SENTENCE UNDER 28 U.S.C. § 2255.**

which is deemed filed at the time it was deposited at Adams County Correctional Center's depository for legal mail in accordance to *Houston v. Lack*, 108 S.Ct 2379 (1988), by placing the aforesaid brief in a sealed first class postage paid envelope addressed to:

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION
312 N. SPRING STREET,
LOS ANGELES, CA 90012

As this case is designated as an E-Filing case, the Clerk is requested to kindly forward this filing to all other parties signed to receive electronic notifications from the Court regarding this case.

June 25, 2014

Henry Anekwu




TERRY NAFISI
District Court Executive and
Clerk of Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION
312 North Spring Street, Room G-8
Los Angeles, CA 90012
Tel: (213) 894-3535

SOUTHERN DIVISION
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4570

EASTERN DIVISION
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

June 16, 2014

Henry Anekwu
Reg. No.:57461-112
Adams County Correctional Center
PO Box 1600
Washington, MS 39190

Re: **Research Request,** 2:03-cr-01151

Dear Sir/Madam:

☐ Please sign up to the Public Access to Court Electronic Records (PACER) system at www.pacer.psc.uscourts.gov. Pursuant to 31 U.S.C. § 9306 4.5, no free information will be provided to federal agencies that is available electronically.

☐ You must provide a case number and additional detailed information in order to process your request.

☐ Please be advised that a non-refundable processing fee of $30.00 per case, name, or item researched is required before we can complete your request. In addition, the following rates may apply; photocopying of a document at $ 0.50 per page, certification at $11.00 per document plus photocopying fees.

☐ We are unable to accept your check. Checks that may be accepted include: cashier's check, certified bank check, business or corporate check, or a money order drawn on a major American bank or the United States Postal Service. **Personal checks or checks drawn on non-business accounts are not accepted.**

☐ The case file requested has been archived to the National Archives & Records Administration. To view the file, please refer to the attached literature.

☐ For transcript information, please refer to the court's website at www.cacd.uscourts.gov.

☑ The remaining cost of service requested is $ 7.50 . This reflects the following:
- ☑ Photocopies numbering 15 at a cost of $0.50 per page.
- ☐ Certification of ______ document(s) at a cost of $11.00 per document.
- ☐ Exemplification of ______ document(s) at a cost of $21.00 per document.

☐ Compilation of statistics and data are not provided.

☑ In forma-pauperis status, waiver of fees for copies, research or certifications does not apply to your request. You were granted a waiver of pre-payment of the filing fee only.

☐ The Freedom of Information Act does not apply to the judicial branch of the federal government, 5 U.S.C. § 551(1)(B).

☑ Other The above quoted rate is for a copy of the Docket.

The above quoted rates are established pursuant to Title 28, Section 1914 of the United States Code. Please make remittance in the form of a cashier's check, certified bank check, business or corporate check, or a money order drawn on a major American bank or the United States Postal Service, payable to "Clerk, U.S. District Court." **Personal checks or checks drawn on non-business accounts will not be accepted.**

Forward a self-addressed stamped envelope of sufficient size to hold the request, a copy of this letter and your original request to the attention of: Correspondence Clerk.

- ☑ Western Division, 312 N. Spring Street, Room G-8 L.A., CA 90012
- ☐ Southern Division, 411 W. Fourth St., Ste. 1-053, Santa Ana, CA 92701-4516
- ☐ Eastern Division, 3470 Twelfth Street, Room 134, Riverside, CA 92501-3000

**PLEASE NOTE:** Photocopies that do not require certification or exemplification may be duplicated by the contracted photocopy service available in each divisional office. For copy costs and further information, the photocopy service may be contacted as follows:

**Western Division**
ABC Scanning & Imaging Services
312 N. Spring Street, Suite G-7A
Los Angeles, CA 90012
213-253-9413
213-253-9414 (fax)

**Southern Division**
411 W. Fourth Street, Suite 1-053
Santa Ana, California 92701
714-338-4746

**Eastern Division**
Riverside cases: Eastern Division
US District Court/Records Department
3470 12th Street, Room 134
Riverside, CA 92501
951-328-4450

Criminal and Civil docket information is available on-line. For Pacer information, please contact 800-676-6856 or www.pacer.psc.uscourts.gov.

Information regarding forms, local rules, and other procedures may now be obtained from the court's website at: http://www.cacd.uscourts.gov.

Requests to the Records Section can be submitted via e-Mail to the following address: Records_CACD@cacd.uscourts.gov.

Clerk, U. S. District Court

By I. Valdes
Deputy Clerk

Henry Anekwu
Reg No. 57461-112
Adams County Correctional Complex
P.O. Box 1600
Washington, MS. 39190

---

June 6, 2014

Clerk of The Court
United States District Court
Central District of California
Western Division
312 N. Spring Street,
Los Angeles, Ca 90012

COMPLETED
6·16·14.

Dear Clerk of the Court,

***Re***: ***United States v. Anekwu***
**Case # 2:03-cr-03-01151-JFW related to 2:14cv3685**
**Request for Docket Sheet**

As I am in the process of submitting a 28 U.S.C. § 2255 motion would it be possible to kindly provide me with a copy of the docket sheet in Case no.: **2:03-cr-03-01151-JFW**

As time is of essence, please treat this matter expeditiously. *See* 2:14cv3685 Doc. 4

Thank-you in advance for your kind cooperation in this matter.

Sincerely,

Henry Anekwu



UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

OFFICE OF THE CLERK
U.S. COURTHOUSE
LOS ANGELES, CALIFORNIA 90012-4797

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE $300

SC
1134

LOS ANGELES
CA 900
16 JUN '14
PM 6 L



U.S. POSTAGE PITNEY BOWES
ZIP 90012 $ 000.48⁰
02 1W
0001388101 JUN 16 2014



RECEIVED
JUN 19 2014



39190160000



U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ $0.70 | 0624 |
| Certified Fee | $3.30 | 04 |
| Return Receipt Fee (Endorsement Required) | $2.70 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ $6.70 | |

REC'D JUN 25 2014

7011 1150 0002 0286 9487

Sent To UNITED STATES DISTRICT COURT
Street, Apt. No.; or PO Box No. 312 N. SPRING ST, ROOM G-8
City, State, ZIP+4 LOS ANGELES, CA 90012

PS Form 3800, August 2006 See Reverse for Instructions



THIS CHECK HAS A COLORED BACKGROUND AND CONTAINS MULTIPLE SECURITY FEATURES - SEE BACK FOR DETAILS

CCA / INMATE TRUST - ADAMS
10 BURTON HILLS BLVD
NASHVILLE, TN 37215
VOID IF NOT CASHED IN 90 DAYS

06/23/2014 1404020826 7.50

Seven Dollars and 50/100ths

Pay: CLERK, US DISTRICT COURT

WELLS FARGO BANK, N.A.
11-24/1210

Henry Anekwu, *pro se*
Reg No. 57461-112
Adams County Correctional Complex
P.O. Box 1600
Washington, MS. 39190




UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY ANEKWU, Petitioner, v. UNITED STATES OF AMERICA, Respondent. | Case Nos.: 2:14-cv-3685<br>Related to: 2:03-cr-03-01151-JFW<br><br>**NOTICE OF FILING** |

Pursuant to including, 28 U.S.C. § 2255, et.seq., and related to and necessary to comply with Rule 2 of the Rules Governing § 2255 Proceedings, Movant-Petitioner-Defendant,HENRY ANEKWU, appearing in propria persona, hereby requests the clerk to please make the attached communication to defense counsel, requesting to mail all material in her possession for the above-reference matter, a part of the record in this case.

Dated: June 6, 2014

Respectfully submitted,

Henry Anekwu
Petitioner, *pro se*

Henry Anekwu
Reg No. 57461-112
Adams County Correctional Complex
P.O. Box 1600
Washington, MS. 39190

---

June 6, 2014

Hayne Yoon
Deputy Federal Public Defender
Office of the Federal Public Defender
321 East Temple Street
Los Angeles, Ca 90012

Dear Ms. Hoon

***Re:*** ***United States v. Anderson***
**Case # 2:03-cr-03-01151-JFW related to 2:14cv3685**
**Request for Documents and Files**

As I am in the process of submitting a 28 U.S.C. § 2255 motion would it be possible to kindly provide me with all the material in your possession for the above-reference matter.

As time is of essence, please treat this matter expeditiously. *See* 2:14cv3685 Doc. 4

Thank-you in advance for your cooperation in this matter.

Sincerely,

Henry Anekwu

**CERTIFICATE OF SERVICE**

I, Henry Anekwu, hereby certify that I served:

**NOTICE OF FILING**

which is deemed filed at the time it was deposited at Adams County Correctional Center's depository for legal mail in accordance to *Houston v. Lack*, 108 S.Ct 2379 (1988), by placing the aforesaid brief in a sealed first class postage paid envelope addressed to:

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION
312 N. SPRING STREET,
LOS ANGELES, CA 90012

HAYNE YOON
DEPUTY FEDERAL PUBLIC DEFENDER
OFFICE OF THE FEDERAL PUBLIC DEFENDER
321 EAST TEMPLE STREET
LOS ANGELES, CA 90012

As this case is designated as an E-Filing case, the Clerk is requested to kindly forward this filing to all other parties signed to receive electronic notifications from the Court regarding this case.

June 6, 2014

Henry Anekwu


Henry Anekwu
Reg. No.: 57461-112
Adams County Correctional Cente
P.O. Box 1600
Washington, MS. 39190.
PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE
CERTIFIED MAIL
7012 3460 0003 2598 7485
UNITED STATES POSTAGE
PITNEY BOWES
02 1M
0004274604
$ 06.90
JUN 27 2014
MAILED FROM ZIP CODE 39190
RECEIVED
CLERK, U.S. DISTRICT COURT
JUN 30 2014
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY
LEGAL MAIL
CLERK OF THE COURT
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION
312 N. SPRING STREET,
LOS ANGELES, CA 90012



RECEIVED
JUN 2 7 2014

Adams County Correctional Center (ACCA) Date
P.O. Box 850
Washington, MS 39190

The enclosed letter was processed through special mailing procedures for forwarding to you. The letter ... or inspected. If the writer raises a question ... facility has jurisdiction, you may wish ... information or clarification. If the writer encl... for forwarding to another addressee please ... enclosure to ... above address